UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-23505-CIV-SEITZ/SIMONTON

FAYE J. LASKY, as personal representative
of the Estate of Sholem David Lasky, deceased,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian Corporation d/b/a ROYAL
CARIBBEAN INTERNATIONAL,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE APPLICABILITY OF THE DEATH ON THE HIGH SEAS ACT AND CANCELLING FEBRUARY 7, 2012 HEARING

THIS MATTER came before the Court upon Defendant's Motion for Summary Judgment.[1] [DE 7]. Defendant contends that Plaintiff's wrongful death claim is governed by the Death on the High Seas Act ("DOHSA") and, as such, Plaintiff is not entitled to the non-pecuniary damages that she seeks. Defendant further avers that because DOHSA applies, the case requires a bench trial and Plaintiff has no right to a jury trial. Because the alleged wrongful acts occurred while the Decedent was on board Defendant's ship and while the ship was either in Mexico's territorial waters or international waters, the Court must find that DOHSA governs Plaintiff's claim. Moreover, it is well-settled that Plaintiff may not recover non-pecuniary damages under DOHSA. Lastly, as Plaintiff has not asserted a concurrent claim which entitles her to a jury trial and has not plead any other claims that would permit the Court to exercise diversity jurisdiction, Plaintiff is not entitled to a jury trial.

---

[1] Although styled as a Motion for Summary Judgment, the motion is actually one for partial summary judgment on the issue of the applicability of the Death on the High Seas Act ("DOHSA"). Defendant does not seek dismissal of Plaintiff's claim even if governed by the DOHSA.

1

## I. BACKGROUND[2]

This dispute arises out of an injury Plaintiff's husband ("the Decedent") allegedly sustained while aboard Defendant Royal Caribbean Cruises, Ltd.'s ("RCCL") ship "Navigator of the Seas," which Plaintiff claims caused the Decedent's death. [DE 1]. On February 15, 2011, while walking in his suite aboard the Navigator of the Seas, the Decedent fell and hit his head. [*Id.* at ¶¶ 6, 7; DE 7 at 1]. On that date, the ship was in Cozumel, Mexico from 10:00 a.m. until 7:00 p.m. and otherwise at sea. [DE 7-1]. Plaintiff contends that after the Decedent fell, she "promptly" called for assistance because although the Decedent was conscious, he could not stand on his own. [DE 1 at ¶ 7]. Plaintiff further maintains that cruise ship personnel arrived and lifted the Decedent into a wheelchair without taking "notice of the type, extent, and nature" of the Decedent's injury. [*Id.* at ¶ 8]. Plaintiff avers that the Decedent was then taken to the onboard medical facilities where he was seen by a physician, fitted with a neck brace, sent back to his suite, and told to return the following morning for a follow-up. [*Id.* at ¶¶ 9, 10]. Plaintiff states that for the remainder of the trip, the Decedent was confined to his suite and experienced pain. [*Id.* at ¶ 11].

On February 16, 2011, the Navigator of the Seas was at sea. [DE 7-1]. On February 17, 2011, the ship returned to Fort Lauderdale, Florida. [*Id.*]. Plaintiff contends that soon after disembarking, the Decedent experienced intensifying pain and went to the emergency room. [DE 1 at ¶ 12]. The Decedent was admitted to the hospital on February 18, 2011. [*Id.* at ¶ 14]. Plaintiff claims that while in the hospital Plaintiff had x-rays and a CT scan that revealed a fractured neck. [*Id.* at ¶ 13]. Plaintiff alleges that the Decedent's condition began to deteriorate and after being in the ICU, he died on March 13, 2011. [*Id.* at ¶ 16; DE 7 at 2].

---

[2]Plaintiff has not filed a response to the instant motion and the time for doing so has passed. As such, the background is derived from the Complaint and Defendant's motion. As set forth fully below, for the purposes of resolving the issues raised in Defendant's motion, there are no disputed issues of material fact.

Thereafter, Plaintiff sued RCCL. Plaintiff maintains that "[a]s a result of RCCL's failure to properly train its servants, employees and agents, [the Decedent] suffered a broken neck when RCCL employees mishandled him after his fall in his suite. As a direct result of the aforementioned injuries sustained, RCCL's negligence caused the wrongful death of [the Decedent]. [DE 1 at ¶¶ 21-22]. Defendant has moved for summary judgment contending that DOHSA governs Plaintiff's wrongful death claim and, as such, she cannot recover non-pecuniary damages and a bench trial is required.

## II. DISCUSSION

### A. Legal Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)). The Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (*quoting Anderson*, 477 U.S. at 251-52)).

### B. Applicability of DOHSA

Defendant argues that DOHSA governs Plaintiff's wrongful death claim because the alleged wrongful acts occurred either in international waters or in the territorial waters of Mexico. [DE 7 at 3-6]. DOHSA provides, in pertinent part, that: "[w]hen the death of an individual is caused by wrongful act,

3

neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States, the personal representative of the decedent may bring a civil action in admiralty against the person or vessel responsible. The action shall be for the exclusive benefit of the decedent's spouse, parent, child, or dependent relative." 46 U.S.C. § 30302. As a preliminary matter, it is well-settled that where DOHSA applies, it preempts all other forms of wrongful death claims under State or general maritime law. *Dooley v. Korean Air Lines Co.*, 524 U.S. 116, 123 (1998) (holding that DOHSA preempts survival action under general maritime law); *Offshore Logistics Inc. v. Tallentire*, 477 U.S. 207, 227 (1986) (finding that DOHSA preempts conflicting state wrongful death statutes); *Ford v. Wooten*, 681 F.2d 712, 716 (11th Cir. 1982) ("Where a cause of action exists for wrongful death under [DOHSA], no additional action exists under the federal maritime law for wrongful death").

Moreover, "a cause of action under DOHSA accrues at the time and place where an allegedly wrongful act or omission was consummated in an actual injury, not at the point where previous or subsequent negligence allegedly occurred." *Balachander v. NCL*, 800 F.Supp.2d 1196, 1201 (S.D. Fla. 2011) (*citing Moyer v. Rederi*, 645 F.Supp. 620, 627 (S.D. Fla. 1986). Put another way, "[t]he right to recover for death depends upon the law of the place of the act or omission that caused it *and not upon that of the place where the death occurred.*" *Moyer*, 645 F.Supp. at 627 (*quoting Vancouver S.S. Co. Ltd. v. Rice*, 288 U.S. 445, 447 (1933). (citations omitted) (emphasis added). Further, "[t]he prevailing rule in this Circuit . . . is that maritime incidents occurring within the territorial waters of foreign states fall within the ambit of DOHSA." *Moyer v*, 645 F.Supp. at 623 (*citing Sanchez v. Loffland Bros. Co.*, 626 F.2d 1228 (5th Cir. 1980)). Here, although Decedent's death occurred on land one month after the Decedent disembarked from the ship, DOHSA applies because it is undisputed that Defendant allegedly breached its duty of care when its employees lifted the Decedent into a wheelchair and transported him to the onboard medical facilities. When these actions occurred, the ship was in either Mexico's

4

territorial waters or in international waters. [DE 7-1].

### a. Damages

Defendant argues that because DOHSA governs Plaintiff's claim, Plaintiff may not recover non-pecuniary damages. The Court agrees. DOHSA provides that recovery under it "shall be a fair compensation *for the pecuniary loss* sustained by the individuals for whose benefit the action is brought. The court shall apportion the recovery among the individuals in proportion to the loss each has sustained." 46 U.S.C. § 30303. (emphasis added). Moreover, the section of DOHSA that applies to commercial aviation accidents provides for recovery of non-pecuniary damages. 46 U.S.C. § 30307. Accordingly, if Congress intended to provide such damages for other types of accidents under DOHSA, it could have done so. Thus, DOHSA does not permit Plaintiff to recovery non-pecuniary damages. *See Sanchez*, 626 F.2d at 1230 ("DOHSA specifically limits recoverable damages to those pecuniary in nature"); *Ridley v. NCL*, 2010 U.S. Dist. LEXIS 109025, at *8-*9 (S.D. Fla. October 13, 2010) (same); *Perkins v. Ottershaw Investments, Ltd.*, 2005 U.S. Dist. LEXIS 31067, at 14 (S.D. Fla. September 30, 2005)(same).

### b. Trial

Lastly, Defendant maintains that because DOHSA provides exclusively for an admiralty cause of action, DOHSA actions are subject only to bench trials and, as such, Plaintiff has no right to a jury trial. [DE 7 at 7-8]. Defendant's argument rests on the assumption that jury trials are prohibited in all admiralty actions. The law in this area is murky and reflects conflicting views on this issue. However, the weight of authority noted below supports Defendant's position that Plaintiff is not entitled to a jury trial on her DOHSA claim.

The Supreme Court has found that while the Seventh Amendment does not require jury trials in admiralty cases, it does not forbid them and neither does any other statute or Rule of Procedure.

*Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 20 (1963). Indeed, DOHSA is silent as to whether it permits jury trials. As such, "[a]lthough Congress placed federal jurisdiction under DOHSA in admiralty, that is not enough to establish that it intended that jury trials would never be available for DOHSA claims." *In Re Korean Air Lines Disaster of September 1, 1983*, 704 F.Supp. 1135, 1153 (D.D.C. 1988) (citing 59 Cong. Rec. 4485 (1920) (remarks of Rep. Volstead) (DOHSA does not preclude use of jury trials in all cases) (citations omitted)).

However, it appears that federal courts have permitted jury trials in cases involving DOHSA claims in only two situations. First, if, in addition to a DOHSA claim, the plaintiff also asserts another claim that carries a right to a jury trial and both claims arise out of the same transaction or occurrence, then all claims must be tried by a jury. *See Peace v. Fidalgo Island Packing Co.*, 419 F.2d 371, 372 (9th Cir. 1969) (finding entitlement to jury trial where the plaintiff asserted a Jones Act claim, which carries a right to a jury trial, and a DOHSA claim); *In Re Korean Air Lines Disaster of September 1, 1983*, 704 F. Supp. at 1152-53 (holding that DOHSA claims and wrongful death claims brought under the Warsaw Convention, which carries a right to a jury trial, must be tried together by a jury); *In Re Air Crash Disaster Near Honolulu, Hawaii, on February 24, 1989*, 783 F.Supp. 1261, 1265-66 (N.D. Cal. 1992) (same); *Red Star Towing & Transportation Co. v. "Ming Giant*," 552 F. Supp. 367, 374-75 (S.D.N.Y. 1982) (DOHSA claim against one defendant and Jones Act claim against another together may be tried together by a jury); *see also Fitzgerald*, 374 U.S. at 21 (holding that maintenance and cure claim joined with Jones Act claim must both be submitted to the jury). In the instant case, Plaintiff's claim is solely pursuant to DOHSA and, as such, her entitlement to a jury trial cannot be grounded in a concurrent claim that requires a jury trial.

The second theory on which courts have permitted jury trials is where, in addition to asserting a DOHSA claim, a plaintiff also asserts another claim that does not necessarily entitle her to a jury trial,

but that invokes the court's diversity jurisdiction. In *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 360 (1962), the Supreme Court found, relying on the savings to suitors clause of 28 U.S.C. §1333,[3] that "a suit for breach of a maritime contract, while it may be brought in admiralty, may also be pursued in an ordinary civil action since . . . it is a suit *in personam* . . .[Where] this suit [is] in the federal courts by reason of diversity of citizenship [it] carried with it, of course, the right to trial by jury." Relying primarily on the savings to suitors clause and *Atlantic & Gulf Stevedores, Inc.*, federal courts have found that plaintiffs are entitled to jury trials on their DOHSA claims on the ground that an independent basis exists for jurisdiction for their DOHSA claims aside from admiralty, specifically diversity jurisdiction. If a plaintiff invokes the diversity jurisdiction of the court and seeks money damages, the court may exercise diversity jurisdiction to hear the plaintiff's *in personam* maritime claims thereby entitling plaintiffs to a jury trial. *Tozer v. LTV Corporation*, 1983 U.S. Dist. LEXIS 16641, at *17-*19 (D. Md. 1983) (holding that plaintiffs were entitled to a jury trial on their federal DOHSA and general maritime claims (even though all state law claims had been dismissed) where they invoked the court's diversity jurisdiction and elected to maintain their action "for damages at law with a right of trial by jury"); *Favaloro v. S/S Golden Gate,* 687 F.Supp.475, 481(N.D. Cal. 1987) (parties entitled to jury on DOHSA claims where there is diversity jurisdiction); *see In Re Korean Air Lines Disaster of September 1, 1983*, 704 F.Supp. at 1156 (discussing that the case law holding that a diversity plaintiff asserting an *in personam* general maritime claim is entitled to a jury trial should be applied to diversity plaintiffs asserting *in personam* DOHSA claims because concepts such as willful misconduct are traditionally considered by juries); *see also Green v. Ross*, 338 F.Supp. 365, 367 (S.D. Fla. 1972) (striking demand for jury trial where wrongful death action, arising from a breach of maritime duties,

---

[3]The savings to suitors clause provides that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies, to which they are otherwise entitled." 28 U.S.C. §1333.

was brought under the court's admiralty jurisdiction and plaintiff did not allege diversity of citizenship or a statutory basis for a jury trial).

Defendant maintains that there is no independent basis for diversity jurisdiction here because Plaintiff's sole claim is governed by DOHSA. [DE 7 at fn. 3]. *See Mayer v. Cornell University,* 909 F. Supp. 81, 85-86 (N.D.N.Y. 1995) (plaintiff not entitled to jury where her only remaining causes of action were under DOHSA and general maritime law and, as such, she could not invoke the court's diversity jurisdiction); *Friedman v. Mitsubishi Aircraft Int'l, Inc.,* 678 F. Supp. 1064, 1066, n. 5 (S.D.N.Y. 1988) (finding that "the existence of . . . diversity of citizenship, can lead to no different result, at least as to the wrongful death claims. Diversity of citizenship creates only an additional basis for federal jurisdiction; it does not enlarge the parameters of the substantive remedy upon which a claim is based"). In the Complaint, Plaintiff invokes only the diversity jurisdiction of the Court. Specifically, she alleges that her damages are in excess of $75,000 and that she is a resident of Florida, the Decedent was a resident of Florida, and Defendant is a foreign corporation. [DE 1 at ¶¶ 1-3]. Plaintiff has also made a demand for a jury trial. [DE 1 at 5]. Plaintiff has not invoked the Court's admiralty jurisdiction pursuant to 28 U.S.C. §1333 nor has she stated that this is an admiralty or maritime matter under Fed. R. Civ. P. 9(h).

Even so, Plaintiff asserts a single claim for wrongful death, which is governed by DOHSA; she has not alleged any other claims. Although the Supreme Court has recognized that federal courts may sit as diversity courts in applying the general maritime law, *Atlantic & Gulf Stevedores, Inc.,* 369 U.S. at 360, there is no binding precedent to support that they may do so in applying DOHSA, a federal statute. Thus, without an independent basis for diversity jurisdiction and/or a concurrent claim that entitles Plaintiff to a jury trial, Plaintiff is not so entitled. As such, the Court will grant Defendant's motion and deny Plaintiff a jury trial.

## III. CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment is granted. Accordingly, it is

ORDERED THAT

(1) Defendant's Motion for Summary Judgment is GRANTED. [DE 7].

(2) The Death on the High Seas Act ("DOHSA") governs Plaintiff's claim.

(3) Pursuant to DOHSA, Plaintiff is not entitled to recover non-pecuniary damages.

(4) Under DOHSA, Plaintiff is not entitled to a jury trial.

(5) The Hearing set for February 7, 2012 is cancelled.

DONE and ORDERED in Miami, Florida on this 6th of February, 2012

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Honorable Andrea M. Simonton
    Counsel of Record

9